EXHIBIT A

To: 13102410691 From: (None) 06/27/16 08:59 AM Page 2 of 3

02/19/2011 11:54 3102410691 BRUCERORTY PAGE 02/16

12-21-16
1040m
VIA FAX

SUM-100

# SUMMONS on First Amended Complaint
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court of California
County of Los Angeles
JUN 24 2016
Sherri R. Carter, Executive Officer/Clerk
By ________ Deputy
Nancy Alvarez

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

PREMIER BATHS, INC, a Florida corporation; [Additional Parties Attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

BRUCE RORTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Central District, Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* BC624727

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert F. Smith, Law Offices of Robert F. Smith, 16200 Ventura Blvd.# 308, Encino, CA 91436.818-231-2331

DATE: *(Fecha)* JUN 24 2016 SHERRI R. CARTER Clerk, by *(Secretario)* NANCY ALVAREZ, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] COUNTY OF LOS ANGELES

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Reverse Mortgage Solutions, Inc

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)* 12-21-16

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Opt-Out: Not Defined

SUM-200(A)

| SHORT TITLE: BRUCE RORTY v. PREMIER BATHS, INC., et al. | CASE NUMBER: BC624727 |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

..... HOME POINT FINANCIAL CORPORATION, a New Jersey corporation; REVERSE MORTGAGE SOLUTIONS, INC., a Delaware corporation, dba SECURITY 1 LENDING; BROKER MATCH, INC., a California corporation, dba REFINANCERATE.COM; GLOBAL EQUITY FINANCE, INC., a California corporation; LOANDEPOT.COM LLC; and DOES 1 to 100,

Page 2 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

ROBERT F. SMITH, sbn 116245
LAW OFFICES ROBERT F. SMITH
16200 Ventura Blvd, # 308
Encino, California 91436
Telephone (818) 231-2331

Attorney for plaintiff

FILED
Superior Court of California
County of Los Angeles

JUN 24 2016

Sherri R. Carter, Executive Officer/Clerk
By [signature] Deputy
Nancy Alvarez

VIA FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| BRUCE RORTY,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER BATHS, INC., a Florida corporation; HOME POINT FINANCIAL CORPORATION, a New Jersey corporation; REVERSE MORTGAGE SOLUTIONS, INC., a Delaware corporation, dba SECURITY 1 LENDING; BROKER MATCH, INC., a California corporation, dba REFINANCERATE.COM; GLOBAL EQUITY FINANCE, INC., a California corporation; LOANDEPOT.COM LLC; and DOES 1 to 100,<br><br>Defendants. | CASE NO. BC624727<br><br>(Assigned for all purposes to the Hon. Elizabeth Allen White, Judge, Dept. 48)<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. UNLAWFUL TELEMARKETING 47 U.S.C. §227 (c) (5)<br>2. UNLAWFUL RECORDING OF TELEPHONE CALLS Penal Code §§ 632.7, 637.2<br>3. UNLAWFUL TELEMARKETING, TEXTING, ROBOCALLING 47 U.S.C. §227 (b)(3) |

COMES NOW, plaintiff Bruce Rorty, ("plaintiff" or "Rorty") and alleges against the defendants, and each of them, the following:

1. Plaintiff resided in San Pedro, California when the calls at issue were placed, currently resides in San Pedro, California, and is and was a residential and personal mobile telephone subscriber. As of approximately January 2010 or earlier, the residential line solely used a Uniden cordless telephone. After late September 2014, plaintiff switched to an AT&T telephone

system with two cordless receivers. Plaintiff's former landline, current landline, and cellular telephone have been registered on the National Do Not Call Registry since December 14, 2004, December 13, 2013, and August 30, 2006, respectively.

2. Plaintiff is informed and believes and thereon alleges that at all material times alleged, defendant PREMIER BATHS, INC. is a Florida corporation selling walk-in home whirlpool baths, with its headquarters in South Daytona, Florida. Plaintiff is informed and believes and thereon alleges that at all material times Premier Baths purchased telemarketed leads from third-party telemarketers calling on its behalf. Premier Baths does business throughout California by virtue of having its agents place calls to California residents.

3. Plaintiff is informed and believes and thereon alleges that at all material times alleged, defendant HOME POINT FINANCIAL CORPORATION is a New Jersey corporation with its headquarters in Ann Arbor, Michigan. Plaintiff is informed and believes and thereon alleges that at all material times alleged Home Point Financial Corporation utilizes third-party telemarketers to generate telemarketed leads for it, and does business in California by virtue of having its agents place calls to California residents.

4. Plaintiff is informed and believes and thereon alleges that at all material times alleged, defendant REVERSE MORTGAGE SOLUTIONS, INC. dba SECURITY 1 LENDING is a Delaware corporation that sells reverse mortgages, and does business in California by virtue of having its agents place calls to California residents. Plaintiff is informed and believes and thereon alleges that at all material times Reverse Mortgage Solutions, Inc. purchased telemarketed leads from third-party telemarketers calling on its behalf. Reverse Mortgage Solutions' headquarters is in the Houston, Texas metropolitan area.

5. Plaintiff is informed and believes and thereon alleges that at all material times alleged, defendant BROKER MATCH, INC., dba REFINANCERATE.COM, is a California corporation which generates leads on behalf of mortgage brokers and mortgage bankers like defendants GLOBAL EQUITY FINANCE, INC and LOANDEPOT.COM LLC. The headquarters for Broker Match Inc, is in Simi Valley, California. Broker Match, Inc, does business in California by virtue of telemarketing California residents, as well as to send them SMS

text messages.

6. Plaintiff is informed and believes and thereon alleges that at all material times alleged, defendant GLOBAL EQUITY FINANCE, INC. is a San Diego mortgage broker or mortgage banker which sells refinances and other mortgage loan products to California residents, and which purchases leads from Broker Match, Inc and possibly other lead generators, and then places telemarketing calls to persons previously contacted by Broker Match, Inc..

7. Plaintiff is informed and believes and thereon alleges that at all material times alleged, defendant LOANDEPOT.COM LLC is a Foothill Ranch mortgage lender/mortgage banker which does business in California by virtue of telephoning California residents to try to sell them mortgage loan products, after purchasing leads from Broker Match, Inc.

8. Plaintiff is informed and believes and thereon alleges that at all material times alleged, DOE defendants 1 through 25 are individuals and or entities retained by the defendants who have placed telephone calls to plaintiff in connection with their business operations. Plaintiff is informed and believes and thereon alleges that at all material times alleged, DOE defendants 26 through 50 are individuals and/or entities engaged in lead generation who were retained by the defendants to generate leads on defendants' behalf. Plaintiff is informed and believes and thereon alleges that at all material times alleged, DOE defendants 51 through 100 are individuals and or entities selling reverse mortgages and home walk-in whirlpool baths.

9. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100 are unknown to plaintiff at this time, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to show their true names and capacities when they are ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant is responsible in some manner for the occurrences alleged, and that plaintiff's injuries and damages as alleged were proximately caused thereby. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

10. Plaintiff is informed and believes, and thereon alleges, that at all times below mentioned, each defendant may have been the agent, servant, employee, joint venturer, partner,

and/or representative of the remaining defendants; and in doing the things hereinafter mentioned, each defendant may have been acting within that course, scope and authority as an agent, servant, employee, joint venturer, partner, and representative, whether such capacity was actual or apparent, with the knowledge and consent of each other defendant, and as authorized and/or ratified by each of the remaining defendants who were working with the particular defendants.

11. Plaintiff is informed and believes and therefore alleges that at all relevant times, each defendant acted pursuant to a common plan and/or aided and abetted certain other defendants in the wrongful acts alleged in this complaint, such that each is jointly and severally liable for all harm caused to plaintiff, including that defendants may well be jointly and severally responsible and liable for the acts and occurrences set out below.

12. Plaintiff is further informed and believes and thereon alleges that the defendants and DOES 1 to 100 were instrumental in making telephone calls to plaintiff, for the purpose of selling their services and products.

13. Whenever this complaint makes reference to any act of a defendant or defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly, or severally.

## JURISDICTION AND VENUE

14. This Court has jurisdiction in this matter pursuant to *Code of Civil Procedure* § 410.10, because defendants, and each of them, engaged in violations of 47 U.S.C. §227 as well as the privacy rights granted to California residents under California's Constitution.

15. Venue is proper in this Court per Code of Civil Procedure §§ 395 and 395.5 in that defendants, and each of them, by placing multiple telephone calls to a South District resident, conducted business within the South District, specifically in San Pedro, California, defendants' obligations and liability arose in Los Angeles County, and defendants' breaches occurred in Los Angeles County.

**FIRST CAUSE OF ACTION**

**UNLAWFUL TELEMARKETING CALLS - 47 U.S.C. § 227 (c) (5)**

**(Against All Defendants and Does 1 to 100)**

16. Plaintiff realleges all paragraphs set out above and incorporates these allegations by reference as if fully set forth.

17. On or about March 24, 2015, but possibly earlier, plaintiff began receiving calls from defendants and their lead generators, although plaintiff's telephone numbers had been registered with the FTC's National Do Not Call Registry ("DNC List") for well over eight years when the calls began.

18. Plaintiff received a telemarketing call from 425-844-1815 on March 24, 2015 where the caller was selling a Jacuzzi Walk-in Bathtub. The next call came on March 26, 2015 from 714-783-0558, and that same number called plaintiff again on March 27, 2015.

19. At about 8:39 AM on April 13, 2015, plaintiff received an unsolicited telemarketing call from 408-758-6456 where the caller ID read in part "Reverse" and the caller stated he was calling from Nationwide Mortgage. A second call from Nationwide Mortgage came in that same day on 8:48 AM. At about 8:54 AM, plaintiff received a telemarketing call from 973-265-2731, Home Point Financial Corporation in Parsippany, NJ 07054. The caller was selling reverse mortgages.

20. On April 20, 2015, plaintiff received a telemarketing call from 408-809-9163, which led to a connection with Reverse Mortgage Solutions DBA Security 1 Lending. There were at least three telemarketing calls that day.

21. At about 10:18 a.m. plaintiff received an unsolicited telemarketing call from 973-265-2731, and a Jason was calling from High Point Financial Corporation.

22. On April 24, 2015, plaintiff missed two telemarketing calls while in the shower, from 408-809-9163, and then there were calls at 9:03 AM, 9:04 AM, and 9:08 AM from 408-809-9163, and the telemarketers stated they were calling from the "Senior Assistance Center" selling walk-in whirlpool baths.

23. Plaintiff received a telemarketing call at about 1:17 PM on May 11, 2015 from

408-758-6456. The next day, at 9:13 AM and 12 PM, the telemarketers again called from 408-758-6456, selling reverse mortgages. Plaintiff missed three calls at 12:13, 12:14, and 12:15 p.m. from 408-809-9163, as well as a completed call from that number at 12:24 PM.

24. At about 1:50 PM on May 20, 2015, plaintiff received a telemarketing call from the "Senior Assistance Center" selling walk-in tubs and using the number 408-809-9163.

25. At about 11:51 AM on June 1, 2015, from 408-758-6456, a telemarketer from the alias entity name "Senior Assistance Center" called selling walk-in whirlpool tubs. At about 11:54 AM on June 1, 2015, plaintiff received a call from 408-809-9163.

26. On June 16, 2015, plaintiff received a telemarketing call where 800-584-0663 showed on Caller ID, and the caller Barbara said she was calling from "Premier Care in Bathing." Plaintiff is informed and believes and thereon alleges that Premier Baths was utilizing the telemarketers at 408-809-9163 and 408-758-6456 to generate leads for the company. There was no announcement at the beginning of this call that it was being recorded, nor were there periodic audible beeps.

27. On June 17, 2015, plaintiff received telemarketing calls from Jennifer at Nationwide Mortgage, selling reverse mortgages, where 713-589-8802 showed on Caller ID. Jennifer then called back from 408-809-9163 to continue her sales pitch. Shortly thereafter, and Adam at "Home Loan Services" called from 408-809-9163. That same day, plaintiff received two additional calls from 713-589-8802. Plaintiff is informed and believes and thereon alleges that the June 17, 2015 calls were made by or on behalf of Home Point Financial.

28. On June 19, 2015, plaintiff received a telemarketing call from Margaret at Premier Baths, Inc., where 800-599-8864 showed on Caller ID. There was no announcement at the inception of the call that it was being recorded, nor were there audible periodic beeps. Well into the call, plaintiff asked Margaret if she was recording the call and she responded that all calls are recorded by Premier Baths.

29. At about 12:18 PM on July 2, 2015, plaintiff received another telemarketing call from Briana at "Premier Care in Bathing" where 800-599-8864 showed on Caller ID. Plaintiff is informed and believes this call was also being surreptitiously recorded, as there was no

announcement at the call's inception that it was being recorded, nor were there audible periodic beeps. Plaintiff asked Briana for a written do not call policy, but has never received a written do not call policy from Premier Baths, or for that matter, any other defendant named in this action, along with the lead generators calling from the two 408 numbers.

30. On or about April 20, 2015, at about 11:18 AM, plaintiff received a robocall from 530-451-3750. The computerized Robo voice identified herself as "Sarah Jordan," from "Lower Mortgage Quote." And then at or about 11:19 AM on April 20, 2015, plaintiff received a telemarketing call from 949-266-1760, and "LD MTG" showed on caller ID. The LD stands for Loan Depot, according to the caller. Weeks later, on or about June 3, 2015 at about 5:15 PM, plaintiff received another unsolicited robocall from 530-451-3750. The caller ID again read "the best loan" and Smartsville, CA. According to www.Wikipedia.com, Smartsville is a census designated place in Yuba County where the 2010 census found 177 inhabitants. This town is also known as Smartville, and was named for Jim Smart, a Gold Rush hotelier. Plaintiff then received two telemarketing calls from 949-266-1760 on June 3, 2015 from Loan Depot where "LD MTG" showed on caller ID.

31. The next call from 949-266-1760 was received by plaintiff on June 23, 2015. The Loan Depot caller made reference to the lead generator being Broker Match, Inc. Plaintiff is informed and believes and thereon alleges that at all times mentioned, Broker Match, Inc. has been placing telemarketing calls for its clients, such that the clients have "on behalf of" liability under the Telephone Consumer Protection Act, 47 USC §227. Moreover, Broker Match, Inc. has liability for the calls made by its clients, inasmuch as it sold leads to its clients with the understanding that they would be telemarketing persons like plaintiff.

32. On June 23, 2015 at about 9:47 a.m. plaintiff received a text message from +1 805-256-7999, where the sender held itself out as www.my.refinancerate.com. Upon further investigation, plaintiff learned that Broker Match, Inc. uses the name and website www.refinancerate.com in some of its advertising.

33. On or about 1:03 PM on June 23, 2015, plaintiff received an unsolicited telemarketing call from 858-500-4637. The caller identified herself as Jasmine at Global Equity

Finance, and "Global Equity" & California showed on caller ID. Jasmine was asked for Global Equity's written do not call policy, but she told plaintiff that Global Equity did not have one to send to him. Jasmine identified the lead generator as brokermatch.com. Despite asking for the written do not call policy, which should be a tip – off to a telemarketer that the National Do Not Call Registry is in play, plaintiff has continued to receive more unsolicited telemarketing calls from Global Equity Finance, Inc. in 2015 and 2016. At this time plaintiff does not have the exact dates and times the calls were placed, as he at present has not printed out the T – Mobile telephone call history records. Nevertheless, plaintiff received an unsolicited telemarketing call from Global Equity Finance at or about 12:09 p.m. on June 20, 2016.

34. Later on June 23, 2015 at about 2:41 PM, plaintiff received a call from 805-619-5368 to his landline. And on or about 3:26 PM that same day, plaintiff received another telemarketing call from Broker Match, this time to his cell phone. A woman named Jan said she worked at "Refinance Rate." At no time did the Broker Match callers state that the telephone calls were being recorded, and there were also no audible beeps. Plaintiff is informed and believes and thereon alleges that these two calls from Broker Match resulted from Global Equity making a complaint to Broker Match about the lead quality and plaintiff's request for a written do not call policy from Global Equity Finance.

35. On June 24, 2015, at or about 9:24 AM, plaintiff's cellular telephone caller ID feature showed a "missed" call from 805-619-5368. "Unknown Name" and Nipomo CA showed on caller ID. According to Wikipedia.com, Nipomo is a census designated place in southern San Luis Obispo County, while Simi Valley is located in Ventura County. Later on June 24, 2015, at or about 3:05 PM, plaintiff received a call from 805-619-5368. The caller identified herself as Kim at "Refinance Rate." Towards the end of the call, plaintiff asked Kim if she was recording the call, and she responded "yes." According to www.whois.com, the website www.refinancerate.com has as its registrar FABULOUS.COM PTY LTD., Whois Privacy Services Pty Ltd, Registrar Abuse Contact Phone: +61.282133005, Registrant Street: PO Box 923, Fortitude Valley, Queensland, Australia 4006. Plaintiff is informed and believes and thereon alleges that companies like Broker Match who use domain proxy services like FABULOUS.COM

PTY LTD., Whois Privacy Services Pty Ltd in order to hide their true corporate identity. However, if one goes to the www.refinancerate.com website, at the very very bottom of the second page, it says "Broker Match, Inc. DBA refinancerate.com."

36. Plaintiff is informed and believes and thereon alleges that at all times mentioned above, the defendants may have placed additional telephone calls to him, and, as well, Broker Match, Inc. may have sold leads to companies other than Global Equity Finance and loandepot.com.

37. Each call carries a $500 statutory penalty per TCPA violation, and because the TCPA was willfully and knowingly violated, the court may treble the damages for each violation to $1,500. There is a four-year statute of limitations on unlawful telemarketing calls.

38. Plaintiff is further informed and believes and thereon alleges defendants and their lead sources and call centers are in violation of 47 C.F.R. § 64.1200(d) (2) in that all defendants were telemarketing personnel not properly trained and informed about the existence and use of the DNC list.

39. Plaintiff is informed and believes and thereon alleges that the lead sources and call centers and employees, were in violation of 47 C.F.R. § 64.1200(d) (4) in that the telemarketers did not provide plaintiff with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and did not provide a telephone number or address at which the person or entity may be contacted.

40. Plaintiff is informed and believes and thereon alleges that all defendants are in violation of 47 C.F.R. § 64.1200(c) (2) in that they telemarketed plaintiff, who is a residential telephone subscriber who has registered his telephone numbers on the National Do Not Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

41. Plaintiff is informed and believes and thereon alleges that all defendants do not maintain their own written do not call policy in compliance with 47 C.F.R. § 64.1200(d) (1) and at times have refused to mail the policy, also a 47 C.F.R. § 64.1200(d) (1) violation.

42. Plaintiff is informed and believes and thereon alleges that all defendants do not

maintain their own do not call list in violation of 47 C.F.R. § 64.1200(d) (3) and at times have not placed plaintiff's phone number on a newly created list.

43. Plaintiff is informed and believes and thereon alleges defendants and each of them violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 by calling plaintiff's cellular telephone since at least 2009.

44. Plaintiff is informed and believes and thereon alleges that all of the above B mentioned violations of the Telephone Consumers Protection Act [TCPA], 47 U.S.C. § 227, were knowing and willful in that defendants knew they acted, or failed to act, in a manner that violated the statute, and that the defendants consciously and deliberately committed or omitted an act that violated the statute statutes. Therefore, plaintiff will be entitled to an award of treble damages for each discrete TCPA violation committed by defendants, and each of them.

45. As a proximate result of the unlawful activities of these defendants, and each of them, per 47 U.S.C. § 227 (c) plaintiff has a private right of action to recover actual damages or $500 per violation, whichever is greater. Plaintiff will amend this complaint when the actual number of violations is ascertained.

46. Due to the knowing and willful misconduct by defendants, and each of them, the court is authorized to award plaintiff up to three times the award amount available under subparagraph (B) of 47 U.S.C. § 227(c)(3).

47. Plaintiff is informed and believes and thereon alleges that there may be additional telemarketing phone calls placed by the defendants in this action, above and beyond the telemarketing calls set forth above.

**SECOND CAUSE OF ACTION**

**UNLAWFUL RECORDING OF CELLULAR AND WIRELESS TELEPHONE CALLS PER Penal Code §§ 632.7, 637.2**

**(Against Premier Baths, Inc., Broker Match, Inc., and Does 1 to 100)**

48. Plaintiff realleges all paragraphs set out above and incorporates these allegations by reference as if fully set forth.

49. Plaintiff is informed and believes and thereon alleges that Premier Baths, Inc. surreptitiously recorded telemarketing calls it placed to plaintiff on March 24, 26, and 27, 2015, June 16 and 19, and July 2, 2015. Other telephone calls placed by the lead generators for Premier Baths, Home Point Financial, and Reverse Mortgage Solutions, as well as for Home Point Financial and Reverse Mortgage Solutions, and the other defendants in this action may have been surreptitiously recorded, but plaintiff at this time does not know "yes" or "no" if any of those other calls were surreptitiously recorded. Plaintiff anticipates learning in the discovery process whether other defendants were surreptitiously recording their telemarketing calls.

50. Plaintiff learned for the first time on June 19, 2015 that Premier Baths was surreptitiously recording its outbound telephone calls, for there was no announcement at the inception of the call that it was being recorded, nor were there periodic audible beeps, and plaintiff himself had to ask the caller well into the call if it was being recorded before he learned that it was being recorded.

51. Plaintiff is informed and believes and thereon alleges that the robocalls placed from 530-451-3750 were recorded surreptitiously. As noted above, the June 23 and 24, 2015 telemarketing calls from Broker Match, Inc. were surreptitiously recorded, with plaintiff first learning on June 24, 2015 that Broker Match, Inc. surreptitiously recorded its calls.

52. Per Penal Code § 637.2, the court may award up to $5000 per call for any call which violates Penal Code §632.7, which proscribes surreptitious recording of cellular telephone and handheld wireless telephone receiver calls.

## THIRD CAUSE OF ACTION

**UNLAWFUL TELEMARKETING/ROBO/TEXT CALLS - 47 U.S.C. § 227 (b) (3)**

**(Against Broker Match, Inc. and Does 1 to 100)**

53. Plaintiff realleges all paragraphs set out above and incorporates these allegations by reference as if fully set forth.

54. Plaintiff is informed and believes and thereon alleges that Broker Match, Inc. used an automatic telephone dialing system to send plaintiff a text message as noted above.

55.     Plaintiff is informed and believes and thereon alleges that an unknown defendant, which may be Broker Match, Inc., placed robocalls from 530-451-3750. Plaintiff anticipates that through discovery the identity of the Rob caller from 530-451-3750 will be learned. Text messages and Robo calls violate 47 USC section 227 (b) (three) and these calls demonstrate "knowing or willful" conduct, such that the court may treble the $500 statutory violation up to $1500 per call.

**WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, as follows:

**FOR THE FIRST CAUSE OF ACTION:**

1.     For statutory damages of $500 for each separate violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200;

2.     For prejudgment interest at the legal rate from the date of damage;

3.     For treble damages for each violation of 47 U.S.C. § 227 and 47 C.F.R.§ 64.1200 as each call constituted "knowing or willful" conduct.

**FOR THE SECOND CAUSE OF ACTION:**

4.     For statutory damages of $5000 under Penal Code §637.2, for each separate violation of Penal Code §632.7; and

5.     For prejudgment interest at the legal rate from the date of damage;

**FOR THE THIRD CAUSE OF ACTION:**

6.     For statutory damages of $500 for each separate violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200;

7.     For prejudgment interest at the legal rate from the date of damage;

8.     For treble damages for each violation of 47 U.S.C. § 227 and 47 C.F.R.§ 64.1200 as each call or text message constituted "knowing or willful" conduct.

**FOR ALL CAUSES OF ACTION**:

9. For costs of suit; and

10. For such other and further relief as the Court may deem just and proper.

DATED: June 24, 2016

LAW OFFICES ROBERT F. SMITH

By: ______________________

ROBERT F. SMITH, attorney for plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number BC 6 2 4 7 2 7

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | ✓ |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| | Hon. Debre K. Weintraub | 47 | 507 | | | | | |

***Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on __________ SHERRI R. CARTER, Executive Officer/Clerk

By ______________________, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤ ______________________ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➤ ______________________ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤ ______________________ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤ ______________________ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤ ______________________ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

➤ ______________________ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

➤ ______________________ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

25

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR PLAINTIFF)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

**THE COURT SO ORDERS.**

Date: ____________________

JUDICIAL OFFICER